UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nolan Williams,

    Petitioner,

    v.

Warden, Chillicothe
Correctional Institution,

    Respondent.

Case No. 2:13–cv–1002
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On June 1, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the instant petition for a writ of habeas corpus be denied and that this action be dismissed. ECF No. 21. Petitioner has filed an Objection to the R&R. ECF No. 24. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF No. 24, is **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED,** and this action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of habeas corpus claims one, two and three on the merits. He has attached portions of the trial transcript in support. Petitioner asserts that admission of the contents of a 911 tape violated his rights under the Confrontation Clause because the statements contained therein constituted testimonial evidence within the meaning of *Crawford v. Washington*, 541 U.S. 36 (2004). He contends that the state courts unreasonably

determined the facts in light of the evidence presented. He maintains that he is actually innocent and raises the same arguments in support of his claims as he previously presented.

As the Magistrate Judge explained, admission of the 911 call did not violate the Confrontation Clause because it was made to obtain police assistance in an ongoing emergency. *Davis v. Washington*, 547 U.S. 813, 822 (2006). Petitioner failed to satisfy his burden to rebut the presumption of correctness afforded to the factual findings of the state appellate court. In addition, the record fails to reflect that the state court's decision either contravened or unreasonably applied clearly established federal law or that it based its decision on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §§ 2254(d), (e). Moreover, Petitioner has offered no new facts establishing that he is actually innocent. This claim therefore does not warrant federal habeas corpus relief. *See Herrera v. Collins*, 506 U.S. 309, 400 (1993).

Petitioner also requests that the Court issue a certificate of appealability. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 n.4). The Court is not persuaded that Petitioner has met this standard here.

Accordingly, Petitioner's Objection, ECF No. 24, is **OVERRULED**. R&R, ECF No. 21, is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED** and this action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**